UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN JOHN GOLLNICK,

        Plaintiff,

v.

        Case Number 20-10645
        Honorable Thomas L. Ludington

STATE OF MICHIGAN, *et al.,*

        Defendants.
_____/

**ORDER GRANTING APPLICATIONS TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS [2, 5], DIRECTING PAYMENT OF THE INITIAL PARTIAL FILING FEE AND SUBSEQUENT PAYMENTS, AND SUMMARILY DISMISSING THE COMPLAINT [1]**

Plaintiff Steven John Gollnick filed a *pro se* complaint and an application to proceed without prepaying fees and costs on March 10, 2020. Plaintiff brings this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). Many of the defendants do not appear to have acted under color of law. Other defendants enjoy immunity from suit, and Plaintiff's allegations fail to state a plausible claim for which relief may be granted. Accordingly, the Court will grant leave to proceed without prepayment of the fees and costs for this action and summarily dismiss the complaint.

**I.**

Plaintiff is a state prisoner at the Central Michigan Correctional Facility in St. Louis, Michigan. The defendants are the State of Michigan, the Michigan Department of Corrections (MDOC) Food Service, the MDOC Bureau of Health Care Services, Friends of Court in Hillsdale and Coldwater, Michigan, the United States Tax Court, two law firms, the Police Department for the City of Dry, Michigan, a few judges and attorneys, and dozens of other individuals who appear

to be private citizens. The Court understands the complaint to allege that Judges Michael R. Smith and Valerie R. White sent Plaintiff to jail or prison. In the meantime, some of the defendants stole vehicles and other personal property from Plaintiffs' homes, stole financial assets from the estate of Plaintiff's parents, and took Plaintiff's Social Security disability income. Compl., ECF No. 1, PageID. 7 – 8.

In an unrelated claim, Plaintiff alleges that some defendants fired gunshots at him. *Id*., PageID. 16-17. In still another unrelated claim, Plaintiff alleges that he broke his arm in the Central Michigan Correctional Facility and later fell out of a van driven by two officers who were on drugs. As a result, he injured his neck, back, arms, and legs. *Id*., PageID. 8, 10, 18.

For relief, Plaintiff seeks the return of his stocks and bonds, the child support payments he made, federal and state taxes he paid for forty-four years, his Social Security disability payments, and his vehicles and other personal property. He also requests money damages for every year that he has spent in jail or prison. *Id*., PageID. 8, 18.

**II.**

Plaintiff filed an application to proceed without prepaying fees or costs for this action when he filed his complaint on March 10, 2020. ECF No. 2. Because he did not submit a certified statement summarizing the activity in his trust fund account at the Central Michigan Correctional Facility, the magistrate judge entered a deficiency order on March 13, 2020. ECF No. 3. Plaintiff then filed another application to proceed without prepaying fees or costs, ECF No. 5, but he still did not submit a certified statement of his trust fund account.

Although the Court will allow Plaintiff to proceed without prepayment of the filing fee, the full filing fee must be paid for this action because he is a prisoner. 28 U.S.C. § 1915(b)(1). The Court must assess and, if funds exist, collect an initial partial filing fee consisting of twenty percent

(20%) of the greater of (1) the average monthly deposits to Plaintiff's trust fund account at the prison, or (2) the average monthly balance in Plaintiff's trust fund account for the six-month period immediately preceding the filing of the complaint. *Id*. After Plaintiff pays the initial partial filing fee, he must make monthly payments of twenty percent (20%) of the preceding month's income credited to his account at the prison. 28 U.S.C. § 1915(b)(2).

Because Plaintiff has not submitted a certified statement of his prison trust fund account, the Court will direct the Michigan Department of Corrections to: (1) calculate and withdraw or set aside an initial partial filing fee from Plaintiff's prison trust fund account; (2) forward that amount to the Clerk of this Court when funds exist; and (3) in subsequent months, or from time to time, forward payments consisting of twenty percent (20%) of the preceding month's income credited to Plaintiff's account until Plaintiff has paid the entire filing fee of $350.00.

### III.

Because Plaintiff will be granted permission to proceed without prepayment of the fees and costs for this action, the Court is required to screen his complaint and dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*. 532 F.3d 567, 572 (6th Cir. 2008). To prevail on a claim under either *Bivens* or § 1983, a plaintiff must prove two things: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"[T]he dismissal standard articulated in *Iqbal* and *Trombly* governs dismissals for failure to state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6) . . . ." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief." *Id*. at 471.

Under *Twombly* and *Iqbal*, a complaint is accepted as true, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As explained in *Hill v. Lappin*, 630 F.3 at 471,

> [s]tatutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327, 109 S.Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal,* 129 S.Ct. at 1949–50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke,* 490 U.S. at 327–28, 109 S.Ct. 1827.

**A.**

Plaintiff's complaint is frivolous and fails to state a plausible claim for several reasons. First, his complaint does not articulate a clear claim for relief. "A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant." *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). But "Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)." *Twombly*, 550 U.S. at 555. Although the Sixth Circuit Court of Appeals has

> not "articulated precisely" what a party must do (or how much it must say) in the district court to "raise" an argument, *Scottsdale [Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)]*, [the Sixth Circuit has] identified some guideposts. At a minimum, a litigant must state the issue with sufficient clarity to give the court and opposing parties notice that it is asserting the issue. *Id.* at 552; *Barner v. Pilkington N. Am., Inc.,* 399 F.3d 745, 749 (6th Cir. 2005). Yet notice by itself does not suffice. Otherwise, a litigant could preserve an issue merely by summarily mentioning it, and . . . conclusory allegations and perfunctory statements, unaccompanied by citations or some effort at legal argument, do not meet this standard. *See Bldg. Serv. Local 47 [Cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1398–99 (6th Cir. 1995)]; *Tele–Comm., Inc. v. Comm'r of Internal Revenue,* 104 F.3d 1229, 1233 (10th Cir. 1997). To preserve the argument, then, the litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it.

*United States v. Huntington Nat. Bank*, 574 F.3d 329, 332 (6th Cir. 2009).

Here, Plaintiff has not sufficiently explained the facts or set forth his claims in a clear manner. He has not alleged when and where the various incidents occurred, and it is not clear how the dozens of defendants named in the complaint were involved in those incidents. It is also unclear whether the Court even has jurisdiction over all the defendants. Thus, the complaint fails to state a plausible claim for which relief may be granted.

**B.**

Some defendants can be dismissed for additional reasons. For example, the Eleventh Amendment bars suits against a state or one of its agencies or departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own

citizens.' " *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).

"The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." *Thiokol Corp.*, 987 F.2d at 383 (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Therefore, the State of Michigan, the MDOC Food Service, and the MDOC Bureau of Health Care Services are immune from suit.

## C.

Plaintiff asserts that Valerie R. White, Michael R. Smith, and Sara S. Lisznyai are state judges. "Judges generally speaking have broad immunity from being sued." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991)) (*per curiam*). Although judicial immunity does not extend to everything a judge does, *id.*, it

> is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles*, 502 U.S. at 11-12 (internal and end citations omitted). The factors used to determine "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

The facts set forth in the complaint indicate that Plaintiff interacted with Judges White, Smith, and Lisznyai in their judicial capacities, and in cases over which they had jurisdiction. Accordingly, Judges White, Smith, and Lisznyai are immune from suit.

"The doctrine of absolute judicial immunity is extended to persons whose duties are essentially adjudicative or prosecutorial in nature." *Tidik v. Ritsema*, 938 F. Supp. 416, 422 (E.D. Mich. 1996) (citing *Watts v. Burkhart,* 978 F.2d 269, 274 (6th Cir. 1992)).  Thus, the Friend of Court, Hillsdale, Michigan and Friend of Court, Coldwater, Michigan also qualify for absolute immunity.  *See id*.

Furthermore, to the extent Plaintiff is challenging a state-court conviction, his claims are frivolous and fail to state a plausible claim for relief because the sole federal remedy for a state prisoner's challenge to the fact or duration of physical imprisonment and a request for release from that confinement is a petition for the writ of habeas corpus, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14, 500 (1973).  Additionally, as the Supreme Court explained in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id*. at 486-87 (footnote omitted) (emphasis in original).  *Heck* and subsequent cases,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not demonstrated that his unspecified conviction was invalidated by state officials or called in question on federal habeas corpus review, and an award of money damages for the time that Plaintiff has spent in jail or prison would necessarily demonstrate the invalidity

of his confinement. Thus, Plaintiff's allegation that the defendant judges sent him to jail is not a cognizable claim in this civil rights action.

### D.

Plaintiff has also brought suit against the Police Department for Dry, Michigan. Municipal police departments, however, are not legal entities that may be sued under § 1983. *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (citing *Haverstick Enterprises v. Financial Fed. Credit*, 803 F. Supp. 1251 (E.D. Mich. 1992), and *Pierzynowski v. Police Dep't City of Detroit*, 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996)). As a result, the Dry Police Department is not a proper party to this action.

Local governing bodies "can be sued directly under § 1983 . . . where . . . the action that is alleged to be unconstitutional implements or executives a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978). But even if the Court were to construe the complaint as one brought against the City of Dry,

> "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989) (quoting *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)). A municipality cannot be held liable simply because one of its employees has committed a constitutional violation. *Monell*, 436 U.S. at 694, 98 S. Ct. 2018. In other words, a municipality is liable "only if the injury is caused by [the implementation of] a municipal custom or policy, or if the city's failure to train employees amounts to deliberate indifference to constitutional rights." *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 994 (6th Cir. 2017); *Morgan v. Fairfield Cty.,* 903 F.3d 553, 565 (6th Cir. 2018) (same).

*Andrews v. Wayne Cty., Michigan*, 957 F.3d 714, 721 (6th Cir. 2020).

Plaintiff has not shown that a municipal custom or policy was the moving force behind the alleged constitutional violations in his case. Thus, the City of Dry, Michigan cannot be held liable for its police officers' conduct.

### E.

Plaintiff has sued the Ryan R. Buckle Law Firm and another law firm called "Cobick Law" of Coldwater, Michigan. *See* Compl., ECF No. 1, PageID. 7. The law firms are not clothed with the authority of state law and, therefore, the § 1983 claims against them fail. *Shahin v. Darling*, 606 F. Supp. 2d 525, 540 (D. Del. 2009).

### F.

The remaining individual defendants do not appear to have acted under color of law, which is an element of action under § 1983 and *Bivens*. Furthermore, Plaintiff has not specified what each individual defendant did to violate his constitutional rights. Damage claims against governmental officials for alleged violations of constitutional rights cannot be founded upon conclusory, vague, or general allegations, but must instead, show what *each* defendant did to violate the plaintiff's rights. *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Thus, a plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Id*. "The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions," *Hill v. U.S. Supreme Court*, 57 F. App'x 253, 254 (6th Cir. 2003), and conclusory allegations, without supporting facts, do not state a plausible claim for relief in a civil rights action. *Agema v. City of Allegan*, 826 F.3d 326, 333 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 680).

### IV.

Plaintiff's allegations are frivolous because they lack an arguable basis in law. The allegations also fail to state a plausible claim for which relief may be granted. Accordingly,

It is **ORDERED** that the complaint is summarily dismissed.

It is further **ORDERED** that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

It is further **ORDERED** that Plaintiff's applications to proceed without prepaying the fees and costs for this action are granted.

It is further **ORDERED** that the Michigan Department of Corrections is **DIRECTED** to: (1) calculate and withdraw or set aside an initial partial filing fee from Plaintiff's prison trust fund account; (2) forward that amount to the Clerk of this Court when funds exist; and (3) in subsequent months, or from time to time, forward payments consisting of twenty percent (20%) of the preceding month's income credited to Plaintiff's account until Plaintiff has paid the entire filing fee of $350.00.

Dated: July 9, 2020　　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Steven John Gollnick, 258339, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880 and to Warden John Christiansen, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880 by first class U.S. mail on July 9, 2020.

　　　　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　　　　KELLY WINSLOW, Case Manager